IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

DALE E. BRUM,

                      Petitioner,

v.                                    CIVIL ACTION NO. 6:07-cv-00405

COUNTY OF WOOD, WEST VIRGINIA, et al.,

                      Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's *pro se* Notice of Respondents' Default and Motion and Demand for Default Judgment [Docket 7]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that the court deny the petitioner's motion and dismiss this case with prejudice. The petitioner has filed timely objections to the PF&R.

**I. Background**

On May 12, 2006, the petitioner was indicted by a grand jury sitting in Wood County, West Virginia, on three counts of threatening a public official in violation of W. Va. Code § 61-5-27(c). (PF&R 1.) The case was designated Case No. 06-F-80. (Indictment, Notice of Pet. Ex. 2 [Docket 1].) On June 27, 2007, the petitioner filed with this court a *pro se* Notice of Petition; and, Verified Petition for Warrant of Removal [Docket 1]. In the petition, the petitioner seeks to remove Case No. 06-F-80 on the grounds that his prosecution in state court violates 42 U.S.C. § 1983 and 18 U.S.C.

§§ 241-42. (Notice of Petition ¶ 2.) The petitioner alleges that the Wood County Prosecutor's office has harassed him for years by filing multiple frivolous charges against him and instituting criminal cases against him based on flawed indictments. (*Id.* ¶ 15.) As for relief, the petitioner asks the court to exercise jurisdiction over "the instant state court proceedings" and grant "appropriate declaratory and injunctive relief." (*Id.* ¶ 18.)

On the same day the petitioner filed his Notice of Petition, he filed a Notice of Younger Doctrine Notices Given to All State Parties [Docket 3] and Notice of Pre-emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel* [Docket 4]. In this latter document, the petitioner argues that the plain meaning of 28 U.S.C. § 1443, which allows for the removal of certain actions involving civil rights, was changed by the Supreme Court in *Georgia v. Rachel*, 348 U.S. 780 (1966), and that this court should ignore the holding of that case. (Notice of Preemptive Const. Challenge 2-4.) On September 11, 2007, the petitioner moved for default judgment against the respondents, who have not filed any documents in this case. [Pet.'s Notice of Resp.'s Default [Docket 7].)

On September 12, 2007, the Wood County Prosecuting Attorney requested that Case No. 06-F-80 be dismissed in light of the petitioner having been indicted in Wood County in Case No. 07-F-141 (PF&R 2.) The indictment in Case No. 07-F-141 was subsequently dismissed after the petitioner was indicted by a special grand jury in Case No. 07-F-189. (*Id.*) The petitioner was charged in this state-court case with two counts of retaliation against a public official and one count of retaliation against a person participating in an official proceeding. (Id.) At a trial held on June 16-18, 2008, the petitioner was found not guilty on all counts.

**II. PF&R and Petitioner's Objection**

In the PF&R, the Magistrate Judge proposes that the because the underlying criminal case that the petitioner attempts to remove, Case No. 06-F-80, has been dismissed, the petition for removal should be dismissed as moot. (PF&R 9.) The petitioner objects to this recommendation. First, the petitioner asserts that there has been unwarranted delay in the adjudication of his removal petition:

> 1. The judicial administration of this federal case has been nothing short of catastrophic.
> 2. This case was filed on 6/27/2007, the same day that Magistrate Stanley was assigned.
> 3. Not one of the Respondents appeared, responded, or defended, at any time, whatsoever.
> 4. A motion for default was filed on 9/11/2007, long after the deadline to respond had already since passed on 7/20/2007.
> 5. Magistrate Stanley was completely derelict in her duties as a federal officer to forthwith administer justice in this case, leaving the Petitioner in an untenable situation for an entire year without reason, and only the state court system's final capitulation via jury trial brought the undersigned Petitioner's ongoing and daily injuries to an end, after well over two (2) years total.
> 6. Over an entire year after originally filing for relief in this court, and also not until after the state court system had finally exonerated the petitioner completely in said jury trial, did the Magistrate of this Court ever once do a single, solitary action item in this cause, bar none, until just recently issuing her written Findings and Recommendations.

(Pet.'s Obj. ¶¶ 1-6.) The petitioner also objects to his petition being considered moot:

> 7. The Petitioner hereby and now notices and alerts the Court and all parties, that this cause is in no way moot, because of at least the following reasons:
>     a) The state court system still has NOT released fully all of the limiting conditions of the bond of the ridiculous and now-acquitted criminal case against the undersigned;
>     b) There are now huge and long-term, daily, and significant damages that have been unjustly and recklessly forced upon his person, his reputation, his business, and other factors, by the utter and continual dereliction of duties by the federal officer, Magistrate Stanley, and her total incompetence and refusals to entertain and process a very simple, clear, black and white default judgment, exacerbated by the fact of how manifest the underlying action was.

    c) Rendering this case moot and dismissing will unjustly also deprive compensation for the costs and expenses of the Petitioner in prosecuting this case.
    d) The Petitioner is fully entitled by law and Rule to the relief and judgment sought.

(*Id.* ¶ 7.)

### III. Discussion

The petitioner requests that this court assert federal jurisdiction over the state-court criminal case against him. The petitioner cannot, however, remove that which does not exist. The criminal case the petitioner seeks to remove has been dismissed. Furthermore, the related criminal case against the petitioner – Case No. 07-F-189 – ended in the petitioner being found not guilty. As a consequence, there is nothing for this court to assert jurisdiction over, assuming that removal is proper. The court therefore **FINDS** that the petitioner's petition for removal and motion for default judgment are moot.

Second, the assumption that the petitioner could remove his criminal case is faulty. The petitioner asserts that removal is proper under 28 U.S.C. §§ 1443(1), 1446(b), 1331, and 1367. None of these statutes, however, allow the petitioner's state-court criminal case to be removed to federal court. Section 1331 deals with a district court's original jurisdiction over civil cases involving federal questions; it says nothing about removal of state-court proceedings. Likewise, 28 U.S.C. § 1367 speaks to supplemental jurisdiction, not removal. Section 1446 involves procedural aspects of removal. Although the petitioner cites to § 1446(b), this subsection deals with the removal of civil actions. Subsections 1446 (c) and (d) set forth the procedure a party should use when removing a criminal case, but these statutory provisions do not provide a basis for removal itself.

Unlike the other statutes cited by the petitioner, 28 U.S.C. § 1443 does provide for the removal of state-court criminal cases to federal court. Section 1443 states:

>Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>   (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

"To remove a case from a state court under 28 U.S.C. § 1443(1), a defendant must show (1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that 'it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (quoting *City of Greenwood v. Peacock*, 284 U.S. 8080, 828 (1966)); *see also Georgia v. Rachel*, 384 U.S. 780 (1966). The petitioner concedes that there "is no racial discrimination component in this case." (Notice of Preemptive Const. Challenge 2.) Thus, petitioner cannot remove this case on the basis of 28 U.S.C. § 1443(1). As for 28 U.S.C. § 1443(2), it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). There is no suggestion that this statute is applicable here. Consequently, the court **FINDS** that even if the petitioner's removal petition was not moot, the court could not retain jurisdiction over the state-court case against the petitioner.

The petitioner urges the court to ignore *Georgia v. Rachel* and its progeny and "retain its inherent jurisdiction over basic federal questions of Liberty Interests" because to do otherwise would

be "to elevate the basic civil rights in racial equality above the basic civil rights in Liberty Interests." (Notice of Preemptive Const. Challenge 3.) The court, however, must follow the interpretation of 28 U.S.C. § 1443 promulgated by the United States Supreme Court and the Fourth Circuit. *See United States v. Moreland*, Case No. 2:04-cr-142, 2008 WL 904652, at *6 (S.D. W. Va. Apr. 3, 2008) (Goodwin, C. J.) ("[B]oth district courts and courts of appeals are bound to apply Supreme Court precedent."); *Doe v. Charleston Area Med. Ctr., Inc.*, 529 F.2d 638, 642 (4th Cir. 1975) (noting that decisions of the Fourth Circuit are binding upon district courts within the circuit).

Finally, there is some suggestion in the petitioner's filings that he desires to pursue a civil action against the respondents independent of the state-court case against him. The petitioner cites, in passing, 42 U.S.C. § 1983 in his petition for removal, and he cites the federal question statute, 28 U.S.S. § 1331, and the Declaratory Judgment Act, 28 U.S.C. § 2201, in his Notice of Preemptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel*. The court is unwilling, however, to treat the petitioner's case as anything other than a petition for removal of the state-court criminal prosecution against him. The petitioner designated his case as one for removal in the "Civil Cover Sheet" he filed with the court. (*See* Civil Cover Sheet ¶ V, Notice of Petition Ex. 4.) Moreover, even as the petitioner cites to 28 U.S.C. §§ 1331 and 2201, he argues as to the propriety of *removal*. (Notice of Preemptive Const. Challenge 5.) Should the petitioner wish to pursue his claims against the respondents, he would need to file an independent civil action, rather than seek to remove a state-court criminal proceeding.

**III. Conclusion**

For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's PF&R. The petitioner's Motion and Demand for Default Judgment [Docket 7] is **DENIED** as moot, and this case is **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 4, 2008

Joseph R. Goodwin, Chief Judge